UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

J. McFARLAND

M.J. BOWMAN

Jeff Pyfrin,
Plaintiff,

v.

City of Hamilton, Ohio;
Lieutenant Eric Taylor, in his individual and official capacity;
Brittney Geurin, in her individual and official capacity;
Craig Bucheit, former Chief of Police and now acting City Manager, in his individual and official capacity;
Trent Chenoweth, former Captain and now Chief of Police, in his individual and official capacity;
Public Safety Director Scott Scrimizzi, in his individual and official capacity;
Attorney Brian Harrison, Hamilton Law Director Office, in his individual and official capacity;
Frost Brown Todd LLC; Attorney for City of Hamilton;
Assistant Chief Shawn Fryman, in his individual and official capacity.

Defendants.

Civil Action No. **1:25CV347**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as it arises under the U.S. Constitution and federal civil rights laws, specifically 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this complaint occurred in the Southern District of Ohio.

II. PARTIES

3. Plaintiff Jeff Pyfrin is a private citizen of the United States residing in Columbus, Ohio.

4. Defendants are public officials and government entities involved in conduct that violated Plaintiff's constitutional rights, as outlined below.

III. FACTUAL ALLEGATIONS

A. Retaliation Following Disclosure of Dash Camera Footage (September 2023)

On September 22, 2023, Plaintiff received dash camera footage from Lieutenant Eric Taylor of the Hamilton Police Department. This footage, which constituted either a public record or evidence in a pending criminal investigation, was voluntarily released by Taylor without any condition or objection at the time.

Shortly after reviewing the footage, Plaintiff informed Lieutenant Taylor of his intent to file a formal complaint concerning police conduct. In apparent retaliation, on September 26, 2023, Taylor sent an email to Records Officer Brittney Geurin instructing her not to release any additional public records to Plaintiff unless personally approved by him. Taylor claimed this restriction was necessary because Plaintiff was allegedly attempting to circumvent the discovery process of the court. However, this justification is undermined by Taylor's own prior release of the same category of material (the dash footage) just four days earlier.

This post hoc restriction was not based on law or policy but appeared to be a response to Plaintiff's exercise of First Amendment rights. As a result, Plaintiff was subsequently denied access to further public records, despite the City's obligation under Ohio's Sunshine Law. Plaintiff was also informed that all additional materials were considered "evidence in a pending criminal case"—even though Taylor had already disclosed similar materials. The inconsistency underscores that the restriction was retaliatory in nature.

Defendants Craig Bucheit (then-Chief of Police and now acting City Manager) and Trent Chenoweth (then-Captain and now Chief of Police) were aware of Taylor's directive and allowed it to stand without correction or justification, thus enabling the violation of Plaintiff's rights.

B. Threatening Phone Call and First Amendment Retaliation (August 2024)

In August 2024, Plaintiff Jeff Pyfrin, a former Deputy Sheriff employed by the Warren County Sheriff's Office, received a phone call from Major Brian Tinch of that department. Acting on instructions from then-Chief Deputy Barry Riley, Tinch warned Plaintiff that if he did not remove a satirical social media page critical of the City of Hamilton, he would face criminal charges, lawsuits, or arrest.

This call was not initiated by Plaintiff's employer or by any matter related to Warren County; rather, it was instigated at the request of Scott Scrimizzi, Public Safety Director for the City of Hamilton, who holds no official authority or jurisdiction over the Warren County Sheriff's Office. This misuse of interagency communication channels to retaliate against a private citizen constitutes a gross overreach of authority and a textbook example of unconstitutional prior restraint.

The threat had its intended effect: fearing professional and legal consequences, Plaintiff removed the satirical content. As a direct result of this incident, Plaintiff's long-standing professional relationships and bonds within the Warren County Sheriff's Office were seriously damaged. Trust built over years of public service was fractured, and Plaintiff experienced significant reputational and emotional harm within his former law enforcement community.

C. Emotional Harm and Intimidation (August 23, 2024)

On or about August 23, 2024, Plaintiff contacted Chief Deputy Barry Riley to express the emotional distress he suffered as a result of the threatening phone call. Riley confirmed via email that the call was made at the request of Scott Scrimizzi.

Despite Riley's claimed uncertainty regarding Scrimizzi's intentions, the outcome was clear: Plaintiff removed constitutionally protected speech from public view under pressure and fear of retaliation. This caused not only emotional distress, but also professional alienation. Plaintiff's integrity and credibility as a former law enforcement officer were called into question by his peers—individuals with whom he had developed strong bonds over many years of public service. These harms, both emotional and relational, were a foreseeable and direct result of Defendants' retaliatory conduct.

On or around August 23, 2024, Plaintiff contacted Chief Deputy Riley to report the emotional distress he suffered as a result of the intimidating phone call. Riley responded via email confirming that he had spoken to Scott Scrimizzi and that the call had been made at Scrimizzi's request.

Despite Riley's claimed uncertainty about Scrimizzi's intentions, the outcome was unambiguous: Plaintiff removed his protected speech under threat. When Plaintiff attempted to follow up with Scrimizzi directly, he was served with a threatening legal letter from Frost Brown Todd LLC.

D. Retaliatory Legal Threats and Communication Restrictions (August 2024)

Following the phone call and attempted contact with Scrimizzi, Plaintiff received a formal letter from Frost Brown Todd LLC. The letter referred to Plaintiff's online content as "false, vile, and libelous," and threatened both civil and criminal action. It also imposed a sweeping communication ban, directing all City staff to cease contact with Plaintiff and requiring that all communication be funneled exclusively through Attorney Brian Harrison at the City of Hamilton Law Director's Office.

Plaintiff was offered no hearing, appeal, or opportunity to respond to these restrictions, amounting to a denial of due process and further First Amendment retaliation.

E. Police Deflection and Denial of Redress (December 2024)

In December 2024, Plaintiff sought to engage with Hamilton Police officers regarding a criminal complaint they were actively investigating against him. However, instead of addressing his inquiry, officers refused to speak with Plaintiff and told him to contact Brian Harrison, a civil attorney, rather than any law enforcement official.

This refusal was based on an internal order issued by Assistant Chief Shawn Fryman, who directed that no officers were to speak with Plaintiff. This represents an extreme and unconstitutional deflection of the criminal justice process, denying Plaintiff the ability to defend himself or access redress.

This incident was captured on video and is attached as Exhibit G.

Count I – First Amendment Retaliation (42 U.S.C. § 1983)

Plaintiff alleges that Defendants Taylor, Geurin, Bucheit, Chenoweth, Scrimizzi, Harrison, and Frost Brown Todd acted under color of law to retaliate against him for engaging in protected speech. The retaliation included restricting access to public records, threatening legal and criminal consequences for speech, and instructing city officials to cease communication with the Plaintiff. Such actions violate the First Amendment's guarantee of free speech. See Hartman v. Moore, 547 U.S. 250 (2006); Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999) (en banc); Bloch v. Ribar, 156 F.3d 673 (6th Cir. 1998).

Additional support: Providing a public record (dash camera footage) and then restricting access to all other records solely after the exercise of protected speech (i.e., expressing intent to file a complaint) constitutes retaliation under the First Amendment. See McLaughlin v. Pezzolla, 2021 WL 4206736 (S.D. Ohio 2021) (finding retaliation when officials denied access to public processes in response to protected speech); Graham v. Henderson, 89 F.3d 75 (2d Cir. 1996) (official actions taken after protected speech can demonstrate retaliation under § 1983). This conduct need not be severe so long as it would deter a person of ordinary firmness from continuing to speak. See Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999) (en banc).

Count II – Violation of Ohio Sunshine Law (O.R.C. § 149.43)

Plaintiff alleges that Defendants Taylor and Geurin unlawfully denied him access to public records in retaliation for exercising his constitutional rights. This denial was done without lawful justification and directly violated Ohio's Sunshine Law. See State ex rel. Wadd v. Cleveland, 81 Ohio St.3d 50 (1998); State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420 (1994).

Count III – Fourteenth Amendment Due Process (42 U.S.C. § 1983)

Plaintiff was subjected to restrictions and threats without notice or an opportunity to be heard. Defendants including Scrimizzi, Harrison, and Frost Brown Todd imposed communication bans and legal threats without any due process. Such conduct constitutes a violation of Plaintiff's right to procedural due process. See Mathews v. Eldridge, 424 U.S. 319 (1976); Zinermon v. Burch, 494 U.S. 113 (1990); Warren v. City of Athens, 411 F.3d 697 (6th Cir. 2005).

Count IV – Prior Restraint and Compelled Speech (42 U.S.C. § 1983)

Defendants Scrimizzi, Riley, and Tinch coerced Plaintiff into removing constitutionally protected satirical content from social media under threat of arrest, lawsuits, and prosecution. This constitutes unconstitutional prior restraint and compelled speech. See Novak v. City of Parma, 932 F.3d 421 (6th Cir. 2019); Bantam Books, Inc. v. Sullivan, 372 U.S. 58 (1963); McGlone v. Bell, 681 F.3d 718 (6th Cir. 2012).

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeff Pyfrin respectfully requests that this Court grant the following relief:

1. Compensatory damages in the amount of $300,000 against the City of Hamilton for the constitutional violations described herein.

2. Punitive damages in the amount of $200,000 against Lieutenant Eric Taylor for his individual role in restricting Plaintiff's access to public records and retaliatory conduct.

3. Punitive damages in the amount of $200,000 against Brittney Geurin for her participation in the denial of public records.

4. Punitive damages in the amount of $200,000 against Craig Bucheit, former Chief of Police and now acting City Manager for his supervisory role in permitting unconstitutional actions.

5. Punitive damages in the amount of $200,000 against Trent Chenoweth, former Captain and now Chief of Police for his supervisory role in permitting unconstitutional actions.

6. Punitive damages in the amount of $200,000 against Public Safety Director Scott Scrimizzi for orchestrating retaliatory communications and threats.

7. Punitive damages in the amount of $200,000 against Attorney Brian Harrison for legal threats and denial of due process through his communication restricting Plaintiff's rights.

9. Punitive damages in the amount of $200,000 against Assistant Chief Shawn Fryman for his role in issuing a no-contact order and participating in retaliatory obstruction.

8. Punitive damages in the amount of $200,000 against Frost Brown Todd LLC for participating in retaliatory legal threats and actions violating Plaintiff's constitutional rights.

9. Injunctive relief ordering the City of Hamilton and its officials to cease and desist from any further retaliation or constitutional violations against Plaintiff.

10. Declaratory judgment that the actions of the Defendants violated Plaintiff's constitutional rights under the U.S. Constitution.

11. An award of costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

12. Any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Jeff Pyfrin

Jeff Pyfrin
21853 Raymond Rd
Raymond, OH 43067
(513) 315-0145
jpyfrin@hotmail.com

## Exhibit Index

The following exhibits are submitted in support of Plaintiff Jeff Pyfrin's Complaint for Damages and Injunctive Relief under 42 U.S.C. § 1983:

Exhibit A: Email from Lt. Eric Taylor restricting public records access unless personally approved by him.

Exhibit B: Follow-up communications from Brittney Geurin reflecting refusal to release public records.

Exhibit C: City of Hamilton Sunshine Law policy document.

Exhibit D: Pending – Transcript or summary of threatening phone call made by Major Brian Tinch at direction of Barry Riley (to be filed upon certification).

Exhibit E: Email from Barry Riley confirming conversation with Scott Scrimizzi regarding satirical social media page.

Exhibit F: Letter from Frost Brown Todd LLC limiting Plaintiff's communication with all city officials and redirecting all contact to Attorney Brian Harrison.

Exhibit G: Video file showing Hamilton Police Department officers refusing to speak with Plaintiff and directing him to Attorney Brian Harrison.

Exhibit H: Pending – Statement and supporting medical documentation related to Plaintiff's emotional distress (to be filed upon certification).

Exhibit I: Video of Plaintiff receiving and viewing dash camera footage provided by Lt. Eric Taylor, documenting either a public record or criminal evidence, as characterized by the City of Hamilton.