**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JEFFERY PYFRIN,** | : | **Case No. 1:25-CV-347** |
| | : | |
| **Plaintiff,** | : | **Judge Matthew W. McFarland** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF HAMILTON, OHIO,** *et al.,* | : | |
| | : | |
| **Defendants**. | : | |

---

**DEFENDANTS FROST BROWN TODD LLP'S AND SCOTT PHILLIPS'
MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND VERIFIED AMENDED COMPLAINT**

---

## I.  INTRODUCTION AND SUMMARY

Plaintiff Jeffery Pyfrin has moved for leave to file a Second Verified Amended Complaint ("SVAC") because he claims "he has obtained new evidence and identified additional defendants whose conduct directly relates to the claims already before the Court."  (Doc. 30 at PageID 534). But this so-called new evidence neither rescues, nor saves, his lone current claim (First Amendment Retaliation) against Defendants Frost Brown Todd LLP ("FBT") and Scott Phillips ("Phillips") (collectively, the "Law Firm Defendants").  As The Law Firm Defendants' pending motion to dismiss Plaintiff's Verified First Amended Complaint ("VFAC") demonstrates, this claim cannot survive Rule 12 scrutiny, rendering its reanimation in the proposed SVAC futile.

In trying to divine three new claims against The Law Firm Defendants, Plaintiff adds nothing substantively nor pleads anything plausibly in the SVAC.  Consequently, having proposed futile amendments, the Court should deny Plaintiff leave to file the SVAC and dismiss the VFAC

like it did recently in *Brantley v. Postmaster General Louis DeJoy*, S.D. Ohio, No. 1:24-cv-52, 2025 U.S. Dist LEXIS 107927, at *28-29, 2025 WL 1615940 (June 5, 2025) (McFarland, J.).

Alleging no new plausible facts, Plaintiff now wants to add three new claims in the SVAC purportedly arising from Phillips' August 23, 2025 cease and desist letter (the "Letter"): Count II – First Amendment Prior Restraint against FBT, Count III – First Amendment Right to Petition/Access to Government against The Law Firm Defendants, and Count VII – Intentional Infliction of Emotional Distress against The Law Firm Defendants. (*Id.* at 550-52).

Proposed Counts II and III are futile. Plaintiff cannot plausibly state any First Amendment claim concerning the Letter under any creative iteration. In short, The Law Firm Defendants did not deprive him of anything. In the Letter, on behalf of the City of Hamilton, Phillips instructed Plaintiff to direct all further non-emergency correspondence to Hamilton's Assistant Law Director and informed Plaintiff that individual City officials would not engage further with him. (Doc. 7 at PageID 125).

Even more, the Letter specifically recognized and affirmed Plaintiff's "certain First Amendment rights to express [himself]." The Letter lawfully set forth a reasonable time, place, and manner communication conduit, identifying a specific City contact in the process. (*Id.*). Unquestionably, the Letter does not impose a prior restraint as a matter of law. Indeed, it effects no restraint at all. *The Letter did not demand that Plaintiff stop communicating with the City or otherwise ban him from doing so.* (*Id.*). It did not impair his access to the City, nor impair his ability to petition it. (*Id.*).

Quite the contrary, the Letter had no retaliatory First Amendment effect or restraint at all. Plaintiff kept at it. He never censored himself in any way. He admittedly ignored the legitimate and lawful time, place, and manner protocols, repeatedly and continuously contacting and

communicating with other City officials besides the Law Director after that---with no resulting penalty, charge, or impact on his First Amendment rights. (*Id.* at PageID 121) (Doc. 30-1 at PageID 546-547).

As to FBT, just like in the VFAC, Plaintiff alleges nothing at all (and nothing new), other than that Phillips, a partner, wrote the Letter on FBT letterhead. (Doc. 30-1, PageID 538, 545, 552). Most relevant for current consideration, Plaintiff does not allege any facts establishing that the purported constitutional violations resulted from an unlawful FBT custom or policy or state action. Instead, at most, Plaintiff purports to assert *respondeat superior* liability because an FBT partner wrote the Letter on FBT letterhead. (*Id.*). These "facts" do not establish any actionable conduct either.

Proposed Count VII is also futile. Plaintiff cannot plausibly state a claim for intentional infliction of emotional distress against the Law Firm Defendants. Even at this Rule 12 stage, federal and state cases instruct that issuing the Letter does not constitute extreme and outrageous conduct as a matter of law. Nor can Plaintiff plausibly plead that the Law Firm Defendants knew or should have known that issuing the Letter would result in serious emotional distress as a matter of law. Finally, Plaintiff cannot plausibly plead that the Letter caused severe and debilitating distress as a matter of law.

Assuming Plaintiff conjured some cognizable claim, Phillips would have qualified immunity even at this Rule 12 stage. Taking Plaintiff's telling at face value, Phillips did not violate "clearly established" law. Plaintiff cannot point to a clearly established violation in a "particular sense," such that a reasonable official confronted with the same situation would have known that their actions violated an established constitutional right.

In sum, no clearly established law required the City to allow Plaintiff to dictate and demand his communication regimen, to which the City had to accede. The law did not require the City to investigate anything, or even to respond to him at all. No restraint or self-censorship occurred. The City never punished nor penalized Plaintiff for ignoring the reasonable time, place and manner protocols in the Letter.

In fact, clearly established law uniformly and manifestly supports just what happened here—the City proposed reasonable time, place, and manner communication protocols. Even more, Plaintiff claims that he has "a phobia related to leaving voicemails" and "experiences communication difficulties." (Doc. 7 at PageID 114). The Letter addressed and ameliorated those issues—by limiting the number of people Plaintiff dealt with and by winnowing the means and methods to communicate with the City.

No further artful amending, nor discovery, can cure these matter-of-law defects. If the Court grants leave to amend, this will not be Plaintiff's last foray. Having proposed futile amendments, justice does not require granting Plaintiff leave to file the SVAC. *Dejoy* at **28-29; *Beckemeyer v. Gelco Corp.*, S.D. Ohio, No. 1:17-cv-695, 2019 U.S. Dist. LEXIS 30886, *15, 2019 WL 952733 (S.D. Ohio 2019) (holding proposed complaint amendment futile because putative claims could not withstand a motion to dismiss). Because Plaintiff cannot plausibly state any claim against the Law Firm Defendants, the Court should dismiss the VFAC against them with prejudice and certify that judgment as final.

## II.     PROCEDURAL POSTURE

### A. *The Background*

Plaintiff first sued in May 2025, alleging that six public officials and FBT committed various constitutional violations. (Doc. 1). Plaintiff then filed the VFAC in June 2025, adding

several more constitutional claims and defendants, including Phillips ("FAC"). (Doc. 7). The Law Firm Defendants timely moved to dismiss the VFAC (Doc. 25, "Motion to Dismiss"), after having been given additional time to do so by the Court. (Notation Order, July 25, 2025).[1] Rather than respond, Plaintiff moved for leave to amend again with the proposed VSAC. (Docs. 30, 31).

### B. *The Proposed Amendments*

#### 1. **The Reanimated Retaliation Claim**

In the VSAC, Plaintiff reanimates his First Amendment retaliation claim. But he did not cure the deficiencies raised in the Motion to Dismiss. As argued there, Plaintiff has no constitutional right to compel the City to listen, or even to respond, to his communications. (Doc. 25 at PageID 491). He has no constitutional right to an investigation either. (*Id.*).

Even assuming he pled some First Amendment deprivation, he cannot plausibly plead retaliation. No adverse action occurred and the Letter clearly did not deter Plaintiff from speaking to, engaging with, petitioning, or accessing Hamilton. (*Id.* at 494-96). He kept at it.

As for FBT, Plaintiff never alleged that FBT did anything, other than one of its partners sent him a letter on FBT letterhead. (*Id.* at 497). Plaintiff never alleged any facts establishing state action either. (*Id.* at 498-99). And he never alleged that an FBT custom or policy caused his injury. (*Id.* at 499-500). Finally, Phillips enjoys qualified immunity, even at this stage. (*Id.* at 500-03). Plaintiff's proposed new facts cannot save his retaliation claim.

#### 2. **The Proposed New Claims**

Besides reanimating the retaliation claim, Plaintiff conjures two new First Amendment claims in the VSAC: Count II – Prior Restraint against FBT and Count III – Right to

---

[1]    As detailed in its concurrently filed Memorandum Opposing Plaintiff's Motion for Sanctions, Plaintiff is further clogging the Court's docket with a baseless motion for sanctions relating to the undersigned's request that he stipulate to The Law Firm Defendants having additional time to file their Motion to Dismiss.

Petition/Access to Government against The Law Firm Defendants.[2]  But those claims fare no better

on the facts he pleads.  As Plaintiff himself establishes in both the VFAC and the VSAC, nobody

restrained him from speaking, nobody impacted his right to petition or his access to Hamilton, and

he never censored himself.

One final twist.  Now, in Proposed Count VII, he claims the Law Firm Defendants

intentionally inflicted emotional distress by writing the Letter.  (Doc. 30-1 at 552).  Plaintiff's new

claims all arise from the Letter.  Nothing more:

> Dear Mr. Pyfrin:
>
> The undersigned is legal counsel to the City of Hamilton.  If you are represented, please forward this letter to your lawyer.
>
> For some time now you have posted on social media and the City's website disparaging images that are false, vile and libelous. In addition you have repeatedly called City employees for the exclusive purpose of harassing, intimidating and expressing libelous communication.
>
> This activity must stop. The City recognizes that you have certain First Amendment rights to express yourself.  However, you have crossed the line by communicating in a manner that is clearly designed to harass and intimidate.  This type of activity is not only counter to the First Amendment but is actionable both as civil causes of action and criminal charges.
>
> From this point forward, any communication from you to the City for non-emergency issues must be made in writing to Assistant Law Director Brian Harrison. (Any serious emergency communication can be made by calling 911). His email address is brian.harrison@hamilton-oh.gov. All other city employees have been directed to cease communicating with you.  If you continue to call City employees other than Mr. Harrison, the City will deem this conduct telephone harassment and will pursue criminal charges. If you continue to post vile and disgusting images of City employees or representatives those individuals may pursue libel claims in Butler County Court of Common Pleas.
>
> The City has been extremely patient with your boorish and unprofessional conduct.  If it continues the City intends to pursue each and every legal means available to bring this unacceptable behavior to an end.

(Doc. 30-1 at 550-552).

Having added no new plausible facts against The Law Firm Defendants, and having

proposed futile amendments and claims that do not state any cognizable cause of action under Rule

---

[2] Notably, Plaintiff did not reanimate his procedural due process claims against the Law Firm Defendants. (Doc. 30-1, PageID 551).

12, the Court should deny Plaintiff leave to file the VSAC, dismiss the VFAC against the Law Firm Defendants with prejudice, and certify that judgment as final.

## III. LAW AND ARGUMENT

### A. *Standard of Review*

To be sure, Fed. R. Civ. P. 15(a)(2) provides that courts should freely give leave to amend. *Dejoy*, 2025 U.S. Dist LEXIS 107927 at * 23. But such leave "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Dejoy*, 2025 U.S. Dist LEXIS 107927, at *23-24.

"A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended cannot withstand a motion to dismiss." *Schoonover v. Hamilton Cnty*, No. 1:22-cv-767, 2024 U.S. Dist. Lexis 26586, *5, 2024 WL 645220 (S.D. Ohio Feb. 15, 2024) (citing *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005); *Brantley*, 2025 U.S. Dist. LEXIS 107927, at *25).

In situations like this, courts may also thoroughly review the existing complaint and any proposed amendments and determine that neither survives Rule 12. *Brantley*, 2025 U.S. Dist. LEXIS 107927, at *24-25. Alternatively, a court may accept a proposed amended complaint and still dismiss the action if the proposed new complaint does not state a claim upon which relief may be granted. *Green v. Mason*, 504 F. Supp. 3d 813 (S.D. Ohio 2020). In making this evaluation, "[l]egal conclusions and unwarranted factual inferences are not entitled to a presumption of truth." *Michael v. Kleiboemer*, No. 3:20-cv-1861, 2024 U.S. Dist. LEXIS 1462, *6, 2024 WL 51172 (S.D. Ohio Jan. 4, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, "[a] court 'is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims.'" *Ali v. Cleveland*, No. 1:23-cv-00157, 2025 U.S. Dist. LEXIS 181623, *19, 2025 WL 2653592 (N.D. Ohio Sept. 16, 2025) (internal citations omitted). "Plaintiff's own 'subjective beliefs as to the motivation of others are insufficient' to meet his burden to plead a plausible cause of action." *Id.* (internal citations omitted).

### B.  Plaintiff's Second Amended Complaint is Futile

In trying to divine three new claims, Plaintiff adds nothing substantively and pleads nothing plausibly in the SVAC. (*Compare* Doc. 7, PageID 119-120 with Doc. 30-1, PageID 545-546). The "new" claims all derive from one previously-pled fact—that Phillips, a FBT partner, issued the Letter to Plaintiff on FBT letterhead. Plaintiff pleads no plausible claim against the Law Firm Defendants either in the VFAC or the VSAC.[3]

### 1.  First Amendment Violations - Retaliation (Count I), Prior Restraint (Count II) and Right to Petition (Count III)

#### a. Retaliation (Count I)

Start with the First Amendment "claims." Concerning the reanimated Count I Retaliation claim, Plaintiff pleads nothing curing the fatal flaws identified in the Law Firm Defendants' Motion to Dismiss[4] and identified again above at page five. (Doc. 25, PageID 494-496). He does

---

[3]     Incorporating its Motion to Dismiss arguments here, Plaintiff cannot plausibly allege any 1983 claim against FBT. Plaintiff provides no facts establishing that FBT engaged in state action. Plaintiff also does not allege any facts establishing that the purported constitutional violations resulted from an unlawful FBT custom or policy. At most, Plaintiff purports to assert *respondeat superior* liability because an FBT partner wrote the Letter on FBT letterhead. These "facts" do not establish any actionable conduct.

[4]     In the VSAC, Plaintiff cites two wholly inapplicable cases, purportedly implicating The Law Firm Defendants here—(1) *Lane v. Franks*, 573 U.S. 228 (1994) and (2) *McIntosh v. City of Madisonville*, 76 F.4th 761 (6th Cir. 2023). Doc. 30-1, PageID 546. In *Lane*, a former employee sued the president of a community college alleging First Amendment violations following his termination for providing testimony in a government prosecution. The Supreme Court held that the former employee engaged in First Amendment protected, public concern speech. *Id.* at 241-42. That case does not apply. Plaintiff is not a public employee.

not address the substantial case law dooming his grievances. Notably, he never even argues that the VSAC fixes any of those dispositive issues. Nor does he engage with or explain at all how any of the "new" facts or claims survive Rule 12 scrutiny.

No matter what he pleads, Plaintiff cannot surmount the First Amendment hurdle here. "[T]he rights to speak, associate, and petition [do not] require government policymakers to listen or respond to individuals' communications on public issues." *Lifestyle Communities, LTD v. City of Worthington*, No. 2:22-cv-1775, 2023 U.S. Dist. LEXIS 44143, *25, 2023 WL 2527245 (S.D. Ohio Mar. 15, 2023) (citing *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 863 (6th Cir. 2012)) (internal citations omitted).

Further, the Southern District just recently affirmed that there is no "statutory or common law right, must less a constitutional right to an investigation." *Wiltz v. Yost*, No. 2:24-cv-4000, 2025 WL 1685303, *28 (S.D. Ohio June 16, 2025) (citing *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)). Having pled no applicable First Amendment right, the Court should deny Plaintiff leave to plead any First Amendment claim as futile.

On top of that, as noted above, Plaintiff alleged no facts plausibly pleading retaliation. Plaintiff himself admits that no adverse action occurred and that the Letter did not deter him from engaging in First Amendment activity. *Herring v. City of Ecorse*, No. 24-1916, 2025 U.S. App. LEXIS 19012, *21, 2025 WL 2105263 (6th Cir. July 28, 2025).

---

As for the second case, while Plaintiff cites *McIntosh*, that citation in fact refers to *United States v. Bird*, a case denying a motion for judgment of acquittal for aggravated sexual abuse of a minor. 76 F.4th 761 (8th Cir. 2023). Obviously, that case does not apply either. There is, however, a case from the Western District of Kentucky, *McIntosh v. McDonald*, No. 4:21-cv-126, 2024 U.S. Dist. LEXIS 53691, 2024 WL 1228233 (W.D. Ky. Mar. 26, 2024). There, plaintiffs sued a city, alleging violations of federal constitutional and state law stemming from the condemnation of their mobile-home park. *Id*. at *1. The District Court granted the City summary judgment on Plaintiffs' procedural and substantive due process claims. *Id*. at *20. This case has nothing to with Plaintiff's claims either and further provides no support for granting leave to file the VSAC.

In the SVAC, Plaintiff confirms that the Law Firm Defendants did not prevent him from communicating with the City.  (Doc. 30-1, PageID 546-549).  In fact, the Letter acknowledged Plaintiff's "certain First Amendment rights to express himself.".   And Phillips proposed a communication protocol providing Plaintiff with more access than the typical citizen—identifying the Assistant City Law Director as his point of contact going forward.  (*Id.* at Ex. E, Doc. 30-6, PageID 576) ("**From this point forward**, any communication from you to the City for non-emergency issues must be made in writing to Assistant Law Director Brian Harrison.") (emphasis added).  No communication ban occurred and no adverse action resulted.  In fact, the protocol contemplated and facilitated future communications.

To be sure, Plaintiff now implausibly alleges that "these actions would chill a person of ordinary firmness from continuing to engage in protected speech…"  (*Id.* at 30-1, PageID 550).  Hardly.  Such actions did not even chill Plaintiff, much less a person of ordinary firmness.  Plaintiff continued to communicate with the City on multiple occasions following the Letter.  (*Id.* at PageID 546-49).  This demonstrably disproven, rote element recitation cannot save Plaintiff.  The retaliation claim cannot survive Rule 12.

### b.    *Prior Restraint (Count II)*

In Proposed Count II, Plaintiff claims that the Letter constituted an unlawful prior restraint.  But the SVAC demonstrably establishes that no prior restrained occurred.  This claim is futile too.

"A prior restraint is an administrative or judicial order that forbids certain speech *ahead of* when that speech is planned to take place."  *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir. 2022) (emphasis original).  The prior restraint plaintiff must also show actual injury.  *Outdoor One Comm, LLC v. Charter Twp*, 2021 U.S. App. LEXIS 37354, *10, 2021 WL 5974157 (6th Cir. Apr. 19, 2016).

Even in Plaintiff's telling, The Law Firm Defendants did not forbid Plaintiff from speaking before he planned to. In fact, the Letter did precisely the opposite: "*From this point forward, any communication* from you to the City for non-emergency issues must be made in writing to Assistant Law Director Brian Harrison." (Doc. 30-1, Ex. E, Doc. 30-6, PageID 576) (emphasis added). The Law Firm Defendants did not restrain Plaintiff at all, much less unlawfully prevent him from speaking about anything "ahead of" his plans to do so.

Beyond that fundamental and fatal flaw, Plaintiff never pled that he stopped communicating. He never self-censored because of the Letter. *See Outdoor One Comm*., 2016 U.S. App. LEXIS 37354, at *11 (affirming summary judgment on prior restraint claim because plaintiff "didn't self-censor"). Plaintiff continued to contact the City (through multiple channels) and the City continued responding, clearly establishing no restraint occurred. (VSAC, Doc. 30-1, PageID 546-49). Notably, Plaintiff never alleged that the City prosecuted, punished, restrained, or silenced him at all after the Letter. The prior restraint claim is also futile.

### c. Right to Petition (Count III)

In Proposed Count III, Plaintiff claims that The Law Firm Defendants "obstructed" his ability to petition the government by "directing all communications to adverse counsel Brian Harrison." (Doc 30-1 at PageID 551). This states no claim either under established precedent.

As noted in The Law Firm Defendants' Motion to Dismiss, there is "no obligation…to listen or respond to requests or take what [Plaintiff] might view as favorable action based on them." *Adams v. Ross Twp.*, No. 2:20-cv-0035, 2021 U.S. Dist. LEXIS, *16, 2021 WL 972520 (W.D. Pa. Mar. 16, 2022). Equally fatal for Plaintiff's premise and proposed claim, while "the First Amendment right to petition is a right to 'adequate, effective and meaningful' access—it is not a right to have a particular process or result from the government." *Lifestyle Communities, LTD v.*

*Worthington*, No. 2:22-cv-1775, 2023 U.S. Dist. LEXIS 44143, *25, 2023 WL 2527245 (S.D. Ohio Mar. 15, 2023) (emphasis original) (citing *John L. v. Adams*, 969 F.2d 288, 233-34 (6th Cir. 1992). Finally, the Constitution does not guarantee that Plaintiff's "speech will be effective," nor prohibits the government "from expressing its intention not to act in response to more speech." *Adams,* at *15-16, 31-32.

In this proposed Count, Plaintiff admits that the Letter did not deprive him of any access to, or the ability to petition, the City. He further admits that he continued to communicate with the City after the Letter was issued, and that the City continued to respond to him. (SAC, Doc. 30-1, PageID 546-49). The Letter deprived him of nothing. Indeed, the City provided more specific access than that afforded to the typical citizen---a particular and privileged protocol for his communications only.

In sum, Plaintiff alleged nothing plausibly stating that the Letter prevented him from petitioning or accessing the government. Rather, he thinks he's entitled to unfettered access to and investigative control over the City—at his beck, call, and whim. But the Constitution and the case law hold otherwise. Plaintiff's proposed Count III is likewise futile.

### 2. Intentional Infliction of Emotional Distress (Count VII)

Perhaps most implausibly of all, in Proposed Count VII, Plaintiff claims that The Law Firm Defendants intended to inflict emotional distress and "engaged in extreme and outrageous conduct" by issuing the Letter. (Doc. 30-1, PageID 552). But, for the many reasons listed above and in their Motion to Dismiss, the Law Firm Defendants acted lawfully in doing so. In any event, federal and state caselaw instructs that Plaintiff cannot state such a claim as a matter of law.

For starters, the Sixth Circuit holds it "well-accepted" that courts can dismiss intentional infliction claims under Rule 12. *Miller v. Currie*, 50 F.3d 373, 377-78 (6th Cir. 1995). "Whether

conduct rises to the level of 'extreme and outrageous' conduct constitutes a question of law."

*Friedman v. Bexley Pub. Lib.*, 2025-Ohio-1799, ¶ 25 (10th Dist.).

      To state such a claim under Ohio law, Plaintiff must plausibly allege four elements:

> (1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional injury, and (4) plaintiff suffered serious emotional anguish.

*Id.* at 377 (citing *Hanly v. Riverside Methodist Hosp.*, 78 Ohio App. 3d 73, 82 (10th Dist. 1991);

*Alabsi v. Cleveland*, No. 22-3375, 2023 U.S. App. LEXIS 1577, 2023 WL 334893 (6th Cir. Jan.

20, 2023).  The Sixth Circuit also holds that satisfying the extreme and outrageous element is

particularly difficult:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conducted has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for anther tort.  Liability has been found only where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Alabsi*, 2025 U.S. App. LEXIS 1577 at *16-17 (quoting *Yeager v. Local Union 20, Teamsters*, 6

Ohio St.3d 369, 374-75 (1983)).  "[T]he conduct itself must be enough to make a *reasonable man*

cry 'Outrageous!'"  *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 523 (S.D. Ohio 1995) (emphasis

added).

      For starters, Plaintiff cannot proceed because he did not plausibly plead any facts

establishing the required elements.  (Doc. 30-1 at PageID 552).  He just parroted the elements in a

conclusory fashion.  On that basis alone, Plaintiff's intentional infliction claim is futile.

      Taking the allegations at face value, however, Plaintiff fares no better.  Issuing the lawful

Letter does not make anyone scream, "Outrageous!" as a matter of law.  For example, in *Alabsi*

the Sixth Circuit held that reporting a suspected criminal trespass did not constitute intentional infliction of emotional distress. *Alabsi,* 2023 U.S. App. LEXIS at *18-19. In holding so, the court noted *Breno* (discussed below), an Ohio state appellate decision, analyzing false accusations of child pornography: "If such a false accusation of child pornography cannot give rise to a claim of intentionally inflicted emotional distress under Ohio law, then the far less inflammatory charges allegedly made by the Casino against Alabsi are likewise insufficient to form the basis for 'extreme and outrageous' conduct." *Id.*; *see also Roe v. Heap*, 10th Dist. Franklin No. 03AP-586, 2004-Ohio-2504 (affirming summary judgment in intentional infliction case for statements accusing sex crimes).

In *Breno v. City of Mentor*, defendant told the Mentor Police Department that plaintiff "had viewed and/or stored child pornography on his personal computer." 2003-Ohio-4051, ¶ 2 (8th Dist.). In affirming summary judgment on the extreme and outrageous element, the Eighth District held: "[w]hile we recognize a report of child pornography is a very serious allegation, we find nothing extraordinary, intolerable, or extreme in degree about the facts of this case as compared to an ordinary claim for defamation arising out of the reporting of alleged criminal activity." *Id.* at ¶ 17.

In sum, the Letter provided a reasonable time, place, and manner communication conduit for Plaintiff to handle future communications. As a matter of law, the Letter was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Meminger v. Ohio State Univ.*, 2017-Ohio-9290, ¶¶ 7, 14 (10th Dist).

That's not all. Plaintiff pled no facts plausibly alleging that the Law Firm Defendants " 'intended' to cause him emotional distress," or that they "knew or should have known that [the]

14

conduct would result in serious emotional distress." *Vaughn v. Jack Cleveland Casino, LLC*, 1:23-cv-02338, 2025 U.S. Dist. LEXIS 25920, *7, 2025 WL 488495 (N.D. Ohio Feb. 13, 2025).

Further, Plaintiff pled no facts plausibly establishing that he suffered severe and debilitating distress. The Sixth Circuit has specifically described the "emotional anguish" element as a demanding standard requiring an "emotional injury which is both severe and debilitating." *Vaughn*, 2025 U.S. Dist. LEXIS 25920, *8 (citing *180 Indus., LLC v. Brunner Firm Co. LPA,* No. 20-4129, 2021 U.S. App. LEXIS, 20723, 2021 WL 4955268, *2 (6th Cir. 2021)).

In *Georgin v. Georgian*, the Ohio appellate court held that Plaintiff must plead and prove that his "fear, anxiety, and mental anguish rendered [him] ***unable to function in daily life, or that [he] sought or received any medical treatment for emotional distress***." *See* 2022-Ohio-4328 at ¶ 42 (granting summary judgment on intentional infliction claim for lack of serious emotional distress) (emphasis added); *see also Buckman-Peirson v. Brannon*, 2004-Ohio-6074 (2d Dist.) (affirming summary judgment on "serious emotional distress" prong because plaintiff's self-serving testimony about seeing psychiatrist unsupported by record evidence).

Plaintiff alleged nothing even close to that exacting standard. In fact, Plaintiff alleges no injury at all. The Letter did not deter nor distress Plaintiff. He continued to communicate with the City. (Doc. 30-1, PageID 546-49). Despite claiming "Defendants'" conduct caused him "increased psychiatric treatment and medication" (*id.* at PageID 552), he never identified the specific treatment nor the medication that was caused by the Letter. In fact, the "evidence" Plaintiff relies upon demonstrates his consistent and continued communications with the City after the Letter. This rebuts any notion that Plaintiff suffered severe or debilitating emotional distress or anguish as a matter of law. (Ex. G, Doc. 30-7; Ex. J, Doc. 30-8; Ex. L, Doc. 30-9; Ex. O-2,

Doc. 30-12; Ex. T, Doc. 30-14; Ex. W, Doc. 30-16; Ex. X, Doc. 30-17). For these reasons, Plaintiff's Proposed Count VII is futile.

### 3. Phillips is Qualifiedly Immune

For the reasons set forth in the Law Firm Defendants' Motion to Dismiss, Phillips is qualifiedly immune for Plaintiff's constitutional claims even at this Rule 12 stage. (Doc. 25 at Page ID 500-03). *Gibson v. Abate*, No. 24-1929, 2025 U.S. App LEXIS 17271, *7 (6th Cir. July 11, 2025) ("When a complaint fails to allege a clearly established violation 'on its face,' it will 'not often survive a motion to dismiss on qualified immunity grounds.'"). Plaintiff's new facts and claims do not plausibly plead that Phillips violated a clearly established right.

For starters, retained, outside legal counsel obtain qualified immunity for legal work performed on behalf of cities. *Cullinan v. Abrahamson*, 128 F.3d 301, 310 (6th Cir. 1997). Plaintiff admits that the City engaged Phillips as outside counsel to perform legal work on its behalf and that Phillips sent the Letter in this capacity. (Doc. No. 30-1 at Page ID 538, 545).

Beyond that bedrock principle, to survive a motion to dismiss asserting qualified immunity, Plaintiff must allege facts that plausibly make out a claim that Phillips' conduct violated a clearly established constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 740-741 (2011). Plaintiff must also allege, with particularity, facts demonstrating that Phillips violated the asserted constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"Clearly established" means that "the law was sufficiently clear that every reasonable official would understand what he is doing is unlawful" at the time of the conduct in question. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (internal quotation and citations omitted). The law must be settled enough that "every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id*.

Put more precisely, existing precedent at the time of the alleged unlawful conduct must place the "constitutional question beyond debate." *Martinez v. Wayne Cnty*, No. 24-1474, 2025 U.S. App. LEXIS 15390, *14, 2025 WL 1733451 (6th Cir. Jun. 23, 2025). Courts cannot "define established law at too high a level of generality." *Id.* (quoting *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021)) (per curiam). "It is not enough that a rule be *suggested* by then-existing precedent"; the specifics of existing law must make the contours of the rule clear. *Id.*

In fact, this requires "on-point, in-circuit authority or an unmistakable consensus of persuasive case law that every reasonable [official] would know prohibited his conduct." *Cook v. Boss*, No. 24-3350, 2025 U.S. App. LEXIS 1966, *25, 2025 WL 304607 (6th Cir. Jan. 27, 2025). (for present consideration, in *Martinez*, the Sixth Circuit affirmed trial court's Rule 12(b)(6) dismissal on qualified immunity grounds).

As stated above, Plaintiff cannot establish any constitutional violations. "[T]he First Amendment does not guarantee persons the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krisha Consciousness, Inc.*, 452 U.S. 640, 647 (1981); *see also*, *Lifestyle Communities, LTD v. Worthington*, 2023 U.S. Dist. LEXIS 141168, *25, 2023 WL 5162656 (S.D. Ohio Aug. 11, 2023) (First Amendment right to petition "is not a right to have a particular <u>process</u> or <u>result</u> from the government) (emphasis in original).

Nor can Plaintiff show that Phillips violated "clearly established" law. As noted above, Plaintiff cannot establish any First Amendment claim. His conclusory allegations do not suffice. *Harlow v. Fitzgerald* 457 U.S. 800, 818 (1982) (observing that "bare allegations…should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery"). Instead, Plaintiff must point to a clearly established violation in a "particular sense,"

such that a reasonable official confronted with the same situation would have known their actions to be in violation of an established constitutional right. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

No such established constitutional right to communicate (or to demand responses) whatever you want, whenever you want, exists. In fact, as noted above, the First Amendment grants no right to such unfettered and uncontrolled access. Indeed, even Plaintiff's constitutional construct cannot survive his own rhetoric. No "sweeping communications restriction" resulted.

Plus, Phillips already pointed out that no prior restraint (nor any restraint at all) occurred. Plaintiff never self-censored. Rather, he accessed and petitioned the City repeatedly and continuously after the Letter with no consequence, punishment, or penalty. (SAC, Ex. G, Doc. 30-7 (Dec. 4, 2024 interaction with Lt. Erb); Ex. J, Doc. 30-8 (Summer 2024 phone call to Assistant Chief Fryman); Ex. L, Doc. 30-9 (April 4, 2025 meeting with council candidate Andrew Conn); Ex. O-2, Doc. 30-12 (written communications with council candidate Andrew Conn); Ex. T, Doc. 30-14 (January 3, 2025 email communications with Sheriff Barry Riley); Ex. W, Doc. 30-16 (December 4, 2024 email communications with Brian Harrison); Ex. X, Doc. 30-17 (January 13, 2025 email communications with Brian Harrison)).

Phillips imposed a reasonable time, place, and manner communications protocol. In fact, as part of that, Phillips provided Plaintiff with a direct line of communication to the City's Assistant Law Director for any of his non-emergency issues—significantly more access than the average citizen receives. Phillips did not violate Plaintiff's constitutional rights, clearly established or otherwise. Phillips followed clearly established law, which permits reasonable time, place, and manner protocols like those imposed here. Consequently, the Court should hold Phillips qualifiedly immune because Plaintiff's proposed amended constitutional claims are futile.

#### 4. *Group Pleading.*

Finally, Plaintiff repeatedly engaged in unlawful "group pleading." Throughout the Proposed VSAC, Plaintiff continues to plead "Defendants" in the collective. (Doc. 30-1, PageID 550) ("Defendants retaliated," "Defendants further monitored"), PageID 551) ("Defendants obstructed," "Defendants deprived"), PageID 552) ("Defendants refused accommodations," "Defendants engaged in extreme and outrageous conduct").

As the Sixth Circuit recognizes, this type of group pleading is impermissible because "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne v. Metro Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (emphasis original). Having not alleged with particularity the specific acts FBT and Phillips performed individually (and not as a group), and the specific right each violated, Plaintiff cannot proceed.

## IV.    <u>CONCLUSION</u>

As established in The Law Firm Defendants' Motion to Dismiss and herein, Plaintiff has not plausibly pled a single cause of action surviving Rule 12 in the VFAC or the Proposed VSAC. Consequently, as in *Dejoy*, the Court should deny Plaintiff leave to file the VSAC as futile, dismiss the VFAC against The Law Firm Defendants with prejudice, and certify that judgment as immediately appealable.

Respectfully submitted,

*/s/ Sarah E. Abbott*
Jean Geoppinger McCoy (OH 0046881)
Bryan E. Pacheco (OH 0068189)
Sarah E. Abbott (OH 0086099)
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900

Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
jean.mccoy@dinsmore.com
bryan.pacheco@dinsmore.com
sarah.abbott@dinsmore.com

*Counsel for Defendants,*
*Frost Brown Todd LLP and Scott Phillips*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was served on:

Jeffery Pyfrin
52 Butternut Drive
Marysville, Ohio 43040
jpyfrin@hotmail.com

*Plaintiff, Pro Se*

via electronic mail, and:

Daniel T. Downey, Esq.
Sara Lindsey McElroy, Esq.
FISHEL DOWNEY ALBRECHT &
RIEPENHOFF, LLC
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
ddowney@fisheldowney.com
smcelroy@fisheldowney.com

*Attorneys for Defendants,*
*Barry Riley & Brian Tinch*

and

Aaron M. Glasgow, Esq.
Ryan C. Spitzer, Esq.
ISAAC WILES BURKHOLDER &
TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
aglasgow@isaacwiles.com

rspitzer@isaacwiles.com

*Attorneys for Defendants, City of Hamilton,*
*Eric Taylor, Brittany Guerin, Craig Bucheit,*
*Trent Chenoweth, Scott Scrimizzi, Shawn*
*Fryman, Brian Harrison, Mallory Greenham,*
*Letitia S. Block, Aaron Hufford, Joshua Smith,*
*Pat Moeller, Maddie Watkins and Daniel Tidyman*

via the Court's CM/ECF system this 23rd day of September, 2025.

*s/ Sarah E. Abbott*

Sarah E. Abbott